[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit to collect on an account for insulation materials supplied by the plaintiff Goodwin Insulation Distributors, Inc., (Goodwin) to two corporations, Waterford Insulation (Waterford) and Associated Insulation (Associated) in both of which the defendant, Donald Lavoie (Lavoie) was the principal operator and manager. The stock of both corporations was owned by Lavoie and his wife and both were housed in Lavoie's garage for which no rent was charged. Although his attorney and accountant were the officers of Associated, Lavoie controlled all its operations.
The plaintiff began to supply materials to Waterford and when Lavoie determined to establish a non-union shop, Associated, the plaintiff supplied materials to it, At that time Waterford owed the plaintiff CT Page 2645 about $15,000.00 which was later reduced to $5,313.38. The plaintiff extended credit to associated and Lavoie promised to pay the plaintiff the material's bill. Both corporations ceased to do business when they ran out of money in the spring of 1984.
In March and April of 1985, Associated transferred some $9,000.00 to Mrs. Lavoie, after it received a demand letter from the plaintiff for the balance owed of $7,495.47. Thereafter Associated was unable to pay the plaintiff's bill. Mrs. Lavoie claimed the monies were used to pay Waterford's bills or, in part, to reimburse her for a loan to Waterford. However, she was unable to point out where the monies, supposedly those of Associated, were deposited in Waterford's account, or how they benefited Associated, a separate corporation.
The plaintiff is seeking to pierce the corporate shield and hold Lavoie personally liable for the bills of Waterford and Associated. It has failed to establish its burden to do so in the case of the Waterford account. However, the court does find established by clear, precise, unequivocal and convincing evidence, that Lavoie, who was in real and sole control, did use Associated in such a way as to wrongfully transfer assets away from Associated in violation of the plaintiff's rights thereby proximately causing the plaintiff to be unable to realize collection of its account. Saphir v. Newstadt,[1] 177 Conn. 191, 209
See Falcone v, Night Watchman, Inc., 11 Conn. App. 218, 220.
The defendant claims that no personal recovery may be had against Lavoie because the plaintiff has a judgment against Associated, citing 18A Am.Jur.2d 2072, p. 185. That section simply stands for the proposition that one may not deny the existence of the corporation, while maintaining an action against it. The plaintiff, however, may recover here against Lavoie recognizing the existence of Associated of the grounds set forth in this decision.
Accordingly, judgment may enter for the plaintiff against Lavoie in the sum of $7,495.47.
McDONALD, JUDGE